JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ELMA ALONZO,

Plaintiff,

v.

UNIVERSAL CITY STUDIOS, LLC, *et al.*,

Defendants.

Case No. 2:25-cv-11197-FLA (SKx)

**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 18]**

## **RULING**

On September 30, 2025, Plaintiff Elma Alonzo ("Alonzo" or "Plaintiff") filed the Complaint in this action in the Los Angeles County Superior Court, asserting nine claims against Defendant Universal City Studios, LLC ("Defendant") for: (1) discrimination in violation of the California Fair Housing and Employment Act ("FEHA"); (2) harassment in violation of FEHA; (3) retaliation in violation of FEHA; (4) retaliation in violation of Cal. Lab. Code § 1102.5; (5) wrongful termination in violation of public policy; (6) intentional infliction of emotional distress; (7) failure to pay regular and overtime wages; (8) failure to pay wages upon termination in violation of Cal. Lab. Code §§ 201–203; and (9) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200.  Dkt. 1-1 ("Compl.") at 15–32.[1]

On November 21, 2025, Defendant removed the action to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. 1 ("NOR").  On April 14, 2026, the court ordered the parties to show cause ("OSC") why this action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy.  Dkt. 18.  The parties filed responses to the OSC on April 28, 2026.  Dkt. 19 ("Def. Resp.") at 1–8; Dkt. 20 ("Pl. Resp.").

Having reviewed the Notice of Removal and the parties' responses to the OSC, the court finds Defendant fails to establish the court has subject matter jurisdiction and REMANDS this action to the Los Angeles County Superior Court, Case No. 25NNCV06831.

## **DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

2

presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a).  Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending.  28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 88–89.  Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.*

Defendant contends the amount in controversy exceeds the jurisdictional minimum of $75,000 based on Plaintiff's settlement demand letter and requests for special damages in the form of lost wages, general damages in the form of emotional

distress damages, punitive damages, and attorney's fees.  NOR at 9–10; Def. Resp. at 4–7.  The court will examine each category in turn.

### A.      Plaintiff's Settlement Demand

Plaintiff maintains the amount in controversy is insufficient to meet the jurisdictional requirements and the court lacks subject matter jurisdiction over her claims due to an insufficient amount in controversy.  Pl. Resp. at 2.  Defendant, however, contends Plaintiff has established the amount in controversy by "offering to resolve this action for $192,000.00" in a settlement demand letter sent approximately two months after removal.  Def. Resp. at 4.

Plaintiff's settlement demand does not provide any facts to explain how Plaintiff arrived at the settlement amount.  A "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  Without more, the court is unable to ascertain whether the settlement demand was reasonably calculated to reflect Plaintiff's damages suffered as a result of the alleged violations. *See Romsa v. Ikea U.S. West, Inc*., Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) ("A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." (internal quotation marks omitted)).

Defendant has not shown any evidence to suggest that Plaintiff's estimate is anything more than a "bold optimistic prediction." *See id.*  Plaintiff's demand letter states the demand represents approximately "a year of her pay and a 5x multiplier for emotional distress damages[.]" Dkt. 19 ("Ganz Decl.") at 9–10, ¶ 6, Ex. A.  While Alonzo describes having suffered severe emotional distress as a result of the alleged discrimination, retaliation, and wrongful termination (Compl. at 23–28), neither Plaintiff's demand letter nor Defendant identify any facts, evidence, or legal authority to explain why the allegations translate into the application of a five-times multiplier for emotional distress damages (Ganz Decl. ¶ 6, Ex. A; Def. Resp. at 4–5).  *See also*

*Romsa*, 2014 WL 4273265, at *2 (remanding action where plaintiff's statement of damages did not explain how he arrived at the damages estimated); *Schroeder v. PetSmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. Aug. 22, 2022) (same); *Owens v. Westwood Coll. Inc.*, Case No. 2:13-cv-04334-CAS (FFMx), 2013 WL 4083624, at *4 (C.D. Cal. Aug. 12, 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated").

The court, therefore, declines to consider the settlement demand in determining the amount in controversy and instead addresses Defendant's remaining arguments separately.

### B.    Special Damages—Lost Wages

Defendant contends Plaintiff seeks lost wages in the form of both front and back pay, and presents evidence Plaintiff earned $18.00 per hour at the time of her termination.  Def. Resp. at 5; Dkt. 1-6 ("Kaminsky Decl.") ¶ 7.  Plaintiff alleges she worked 40 hours per week.  *See* Compl. ¶ 28.  Defendant initially estimates Plaintiff's lost wages, from the date of her termination, April 17, 2024, to the date of removal, November 21, 2025, would amount to approximately "$60,480 ($18.00/hour x 40 hours/week x 84 weeks)."  NOR at 9.  To be more precise, 83 weeks and 3 days have passed between those dates, amounting to $60,069.60 ($18.00/hour x 40 hours/week x 83.43 weeks).

Defendant further argues Plaintiff's lost wages should reflect the period from removal until trial, which has been set for April 13, 2027, for a total of "$112,320 ($18.00/hour x 40 hours/week x 156 weeks)."  Def. Resp. at 6.  Many courts in this district have declined to project future lost wages beyond the date of removal.  *See Ramirez v. Builder Servs. Grp.*, Case No. 5:22-cv-1571-JGB (KKx), 2023 WL

115561, at *4 (C.D. Cal. Jan. 5, 2023) (collecting cases).  The court agrees and declines to project lost wages through the trial date in this action.  Accordingly, in determining the amount in controversy and without making any factual findings, the court will only consider Plaintiff's claim for lost wages as of the date of removal, totaling approximately $60,069.60.

### C.    General Damages—Emotional Distress

Defendant asserts that a "nominal demand (such as for $25,000)" should be used in considering the amount in controversy.  NOR at 10.  Later, Defendant again references emotional distress damages encompassed as part of Plaintiff's settlement demand.  Def. Resp. at 6.  As discussed above, the court has determined the settlement demand does not provide a reliable basis for calculating the amount in controversy and, therefore, does not consider it here.  To determine the amount of emotional distress damages in controversy, courts consider the amount of emotional distress damages awarded by juries in similar cases.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146–47 (E.D. Cal. 2018).  "While … jury verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue." *See Mireles v. Wells Fargo Bank, N.A.,* 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

Courts are not required to include emotional distress damages in the amount in controversy when the party asserting jurisdiction fails to provide evidence of jury awards from similar cases. *See Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v. Williams Lea Inc.,* Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty damages sums in the past without further explanation (by facts or evidence) how the facts in those cases compare to the facts presented here is entirely insufficient to meet [the] burden to establish the amount in controversy by a preponderance of the

evidence.”).

Here, Defendant has not presented evidence demonstrating any particular amount is in controversy in this action.  Defendant cites several cases where a court found damages for emotional distress may be substantial.  NOR at 9–10; Def. Resp. at 6.  However, Defendant forgoes presenting any factually analogous cases or evidence regarding the nature or extent of Plaintiff's alleged emotional distress.  NOR at 9–10; Def. Resp. at 6.  Defendant, thus, fails to meet its burden to establish any specific amount of emotional distress damages should be included in the amount in controversy.  *See Rybalnik*, 2012 WL 4739957, at *3.

### D.   Punitive Damages

“[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met.”  *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022).  “Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000.”  *Id.* at 564–65.  Accordingly, a removing defendant must “articulate why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages.”  *Id.* at 565 (emphasis in original).

Defendant notes Plaintiff seeks punitive damages in her Complaint, and such damages may be included in assessing the amount in controversy.  NOR at 10; Def. Resp. at 6–7.  As with Plaintiff's request for emotional distress damages, Defendant does not explain why any particular facts pleaded might warrant punitive damages if proven.  NOR at 10; Def. Resp. at 6–7.  Defendant similarly does not identify any comparable cases in which a specific amount of punitive damages was awarded based on similar facts as pleaded in the Compl.  NOR at 10; Def. Resp. at 6–7.  Rather, Defendant simply alleges Plaintiff will seek a substantial punitive damages fee “in excess of six figures.”  Def. Resp. at 7.  Defendant, thus, fails to carry its burden to show any particular amount of punitive damages is in controversy in this case.  *See*

*Ogden,* 644 F. Supp. 3d at 564–65.

### E.  Attorney's Fees

Finally, Defendant argues a "modest attorneys' fees award (such as $10,000, through the time of removal)" is in controversy.  Def. Resp. at 7.  "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  A removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).  "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof."  *Id.*

California Government Code § 12965(c)(6) allows a court, in its discretion, to award reasonable attorney's fees and costs to the prevailing party in a FEHA action. In place of providing the requisite level of evidence, Defendant simply concludes that the inclusion of even a modest, arbitrary amount in attorney's fees would bring the amount in controversy over the jurisdictional threshold.  NOR at 10; Def. Resp. at 7. Defendant fails to submit evidence supporting its proposed $10,000 figure and does not identify comparable attorney's fee awards from similar cases, as required for the court to conclude it is more likely than not Plaintiff will recover attorney's fees if she prevails here.  NOR at 10; Def. Resp. at 7.  The mere fact that the court may exercise its discretion to award Plaintiff attorney's fees if she prevails is insufficient to demonstrate that such an award is reasonably likely or that a specific amount should be included in the amount in controversy.  Defendant fails to demonstrate that its estimate of Plaintiff's attorney's fees is not speculative and, therefore, fails to carry its burden to show that any particular amount of attorney's fees is in controversy in this action.

## CONCLUSION

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not established by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  There is, therefore, no basis for diversity jurisdiction.  *See* 28 U.S.C. § 1332.

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 25NNCV06831.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: July 6, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

9